UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN R. LEVINSON; RICHARD E. LAYTON; and DR. R. LAYTON P.A. 401(K) PLAN <br>     PLAINTIFF, <br><br> v. <br><br> WESTPORT NATIONAL BANK; <br> TD BANKNORTH NA; <br> And ROBERT L. SILVERMAN, <br>     DEFENDANTS. | : <br> : <br> : <br> : <br> : <br> : CIVIL ACTION NO. 3:09cv269(VLB) <br> : <br> : MARCH 28, 2013 <br> : <br> : <br> : <br> : <br> : <br> : |

### ORDER GRANTING DEFENDANT'S [DKT. #460] MOTION FOR RECONSIDERATION

**Defendant Westport National Bank ("WNB") moves for reconsideration of the Court's September 28, 2012 order granting summary judgment in favor of Plaintiffs on their unjust enrichment and money had and received claims. [Dkt. #372, Summary Judgment Order]. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."** *Shrader v. CSX Transp., Inc.,* **70 F.3d 255, 257 (2d Cir.1995). "There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice."** *Pellechia v. OneWest Bank, FSB*, **No.3:11-cv-1587(JCH), 2013 WL 1131609, at \*2 (D. Conn. Mar. 18 2013) (citing** *Virgin Atl. Airways, Ltd. v. Nat'l. Mediation Bd.,* **956 F.2d 1245, 1255 (2d Cir.1992)). "That the court overlooked controlling law or**

material facts may also entitle a party to succeed on a motion to reconsider." *Id.* (citing *Eisemann v. Greene,* 204 F.3d 393, 395 n. 2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted)). WNB argues that reconsideration is warranted on the Court's decision with respect to the Plaintiffs' unjust enrichment and money had and received claims because the Court both overlooked material factual matters and controlling case law, which preclude recovery under equitable theories where a remedy is available pursuant to contract. The Court agrees that reconsideration is warranted because certain factual matters were overlooked with respect to the nature of WNB's acknowledgment that the omnibus account at BLMIS held zero assets in conjunction with case law that directs that equitable remedies are unavailable where a plaintiff can be fully compensated under contract.

The Court's prior decision with respect to the Plaintiffs' unjust enrichment and money had and received claims was largely predicated on WNB's acknowledgement that the omnibus account at BLMIS in WNB's name actually held no assets and had never held any assets. See [Dkt. #372, Summary Judgment Order, p. 52-53]. Based on this fact, the Court reasoned that WNB was unjustly enriched because under the Custodian Agreement it would have been entitled to no fees if the average value of the assets in the account was zero. However upon reconsideration, the Court finds that it overlooked the facts that WNB's acknowledgement in its Local Rule 56(a)(1) statement that there was never

any assets in the BLMIS account when it took over as custodian was predicated on Madoff's testimony before the Southern District of New York in his criminal prosecution and the testimony of the named Plaintiffs based on their understanding of Madoff's actions after his scheme had come to light.  See [Dkt. #358, Sealed Exs. N, B and D].  Further, the Court overlooked the fact that WNB had also submitted evidence that neither it nor the Plaintiffs had any knowledge that Madoff had stolen their assets.  [Dkt. #358, Sealed Ex. D at 14-17]; [Dkt. #367. Murphy Aff. ¶¶5, 13]. This evidence taken together demonstrates that WNB received fees calculated on the basis of the values reported in statements that were fraudulently produced by BLMIS which WNB did not know were false at the time it was collecting those fees and did not know that in fact the account value was zero.

  Further, this Court held on summary judgment that there are triable issues of fact as to the nature and scope of the Bank's contractual duty to conduct audits and whether that duty required it to assure the accuracy of the Plaintiffs' account statements, on which it calculated its fees, by auditing its own operations or whether it also required it to assure the accuracy of the BLMIS account statements by auditing BLMIS.  In view of the fact that WNB's acknowledgment that the BLMIS account never held any assets was based on its own as well as the Plaintiffs' hindsight and the fact that there are triable issues with respect to BLMIS's duty or obligation to audit, there are likewise triable issues as to whether it is contrary to equity and good conscience to allow WNB to retain the fees it was paid.  In view of these facts, the Court finds that there are

genuine factual disputes about whether WNB was unjustly enriched when it received fees based on the fictitious values of the assets in the BLMIS account, which warrant reconsideration.

This conclusion is bolstered by precedent, which holds that "[u]njust enrichment applies whenever justice requires compensation to be given for ... services rendered under a contract, and no remedy is available by an action on the contract," *Paulsen v. Kronberg,* 66 Conn. App. 876, 879 (2001) (internal quotation marks and citaiton omitted), and therefore an "action for unjust enrichment cannot lie in the fact of an express contract." *Russell v. Russell,* 91 Conn.App. 619, 638, cert. denied, 276 Conn. 924, 925, 888 A.2d 92 (2005) (internal quotation marks and citation omitted). Further, "when an express contract does not fully address a subject, a court of equity may impose a remedy to further the ends of justice." *Town* of *New Hartford v. Conn. Res. Recovery Auth.,* 291 Conn. 433, 454 (2009) (internal quotation marks and citation omitted); *see also Rent-A-PC, Inc. v. Rental Management, Inc.,* 96 Conn. App. 600, 606 (2006) ("the existence of a contract, in itself, does not preclude equitable relief *which is not inconsistent with the contract")* (emphasis in original). If the Plaintiffs are able to establish that WNB had the contractual duty to audit BLMIS's operations and not simply its own operations, the Plaintiffs' recovery based on that breach may compensate them for the harm caused by the fact that WNB collected fees based on false values, which is the basis of their unjust enrichment and money had and received claims. It is also possible that such recovery may not fully remedy that purported harm. In that event, the Plaintiffs may have recourse to a claim for unjust

enrichment as such equitable relief may not be inconsistent with the contract and necessary to further the ends of justice.  In view of this case law, the Plaintiffs' entitlement to claim unjust enrichment is contingent on their ability to recover and the extent of that recovery on their breach of contract claims at trial and therefore summary judgment was inappropriately granted.  The Court thus having reconsidered it prior determination concludes that there are triable issues of fact with respect to Plaintiffs' unjust enrichment and money had and received claims, which preclude the Court from granting summary judgment in either parties' favor.  Accordingly, the prior judgment on these claims is vacated and these claims therefore remain extant for trial.

                                                  IT IS SO ORDERED.

                                                _____/s/_____

                                                Hon. Vanessa L. Bryant
                                                United States District Judge

Dated at Hartford, Connecticut: March 28, 2013