UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEPHEN R. LEVINSON; RICHARD E. :
LAYTON; AND DR. R. LAYTON P.A. 401(K) :
PLAN :
    PLAINTIFF, : CIVIL ACTION No. 3:09-cv-269(VLB)
      v. :
      :
WESTPORT NATIONAL BANK; :
    DEFENDANT. :
-----------------------------------------------------------X
AUDREY SHORT, INDIVIDUALLY AND :
FAYE SHORT, INDIVIDUALLY AND AS :
TRUSTEE FOR THE FAYE S. ALBERT :
RETIREMENT PLAN, ALBERT RETIREMENT :
PLAN. :
     :
    PLAINTIFFS, : CIVIL ACTION No.3:09-cv-1955(VLB)
      v. :
      :
CONNECTICUT COMMUNITY BANK, N.A. :
    DEFENDANT. :
-----------------------------------------------------------X
SOL DAVIS, INDIVIDUALLY AND AS :
TRUSTEE OF THE SOL DAVIS :
RETIREMENT PLAN, ET AL. :
     :
    PLAINTIFFS, : CIVIL ACTION No. 3:10-cv-261(VLB)
      v. :
      :
CONNECTICUT COMMUNITY BANK, N.A. : JUNE 14, 2013
OWNER OF WESTPORT NATIONAL BANK :
    DEFENDANT. :
-----------------------------------------------------------X

## ORDER ON OBJECTIONS TO PROPOSED TRIAL EXHIBITS

    The parties' Joint Trial Memorandum and incorporated Exhibits set forth numerous objections to the parties' proposed trial exhibits. [*Levinson* dkt. no. 529; *Short* dkt. no. 194 (adopting *Levinson* Trial Memo); *Davis* dkt. no. 309 (adopting *Levinson* Trial Memo)]. The Court rules on these objections as follows:

1

### Exhibit A to the Joint Trial Memorandum: Parties' Proposed Witnesses

Plaintiff has proposed several witnesses who will testify in their capacities as executors or executrices of several plaintiffs' estates.  Defendant has objected to any testimony regarding the deceased plaintiffs' communications by their estates as hearsay.  This objection is SUSTAINED; designated representatives of various plaintiffs' estates may only testify to facts within their personal knowledge.

### Exhibit B to the Joint Trial Memorandum: Plaintiffs' Trial Exhibit List

**Exh. 14**:  Defendant's objection is SUSTAINED as to relevance.  Plaintiffs have not identified what material fact at issue this exhibit would tend to prove or disprove.  Without knowing the relevance of this document, Defendant's hearsay objection is also SUSTAINED.

**Exhs. 24, 52, 56**:  Defendant's objections to these exhibits are OVERRULED.  The parties should attempt to stipulate to the identity of the account holders.  If the parties are unable to stipulate, these exhibits may be admitted during the liability phase of trial if they are not cumulative, but Plaintiffs must submit amended exhibits with all numbers redacted.  The exhibits as they currently appear may be admitted during the damages phase of trial only, if they are not cumulative.

**Exh. 28**:  Plaintiffs have objected to the introduction of Defendant's Exh. 1076, which is identical to Plaintiffs' Exh. 28 (save for two allegedly missing pages).  The Plaintiffs' hearsay objection is SUSTAINED as to Defendant's Exh. 1076; thus, BOTH exhibits are inadmissible.

**Exh. 43**:  Defendant's objection is OVERRULED.  This exhibit is admissible subject to this document being offered after the Plaintiffs have laid a foundation to support their claim that the Bank's conduct in monitoring cash transactions in excess of $10,000 and allowing customers private access to their safe deposit boxes is a violation of a law or policy.

**Exh. 45**:  Defendant's objection is SUSTAINED.  There is no indication that this memorandum is a record of regularly conducted activity of the Bank under

>  Fed. R. Evid. 803(6), nor is the document dated or signed so its authorship and authenticity cannot be discerned.

**Exh. 55**: Defendant's hearsay objection is SUSTAINED. This document is unsigned and appears to be a draft.

**Exh. 58**: Defendant's objection is SUSTAINED. This document appears to be relevant for damages only.

**Exh. 59**: Defendant's objection is SUSTAINED. This document appears to be relevant for damages only, if offered in its complete form or shown not to be incomplete.

**Exh. 87**: Defendant's objection is SUSTAINED as to relevance; admission of this exhibit is subject to the plaintiffs establishing the Bank's right to dishonor checks drawn on these accounts.

**Exhs. 91, 92**: Defendant's objections are OVERRULED.

**Exh. 93**: Defendant's objection as to relevance is SUSTAINED. The Court cannot determine the relevance of this IRS letter, particularly in the absence of the information provided to the IRS to which the letter responds, information as to whether this guidance is applicable during the relevant period in this case, and in the absence of any authentication of this document. Furthermore, the letter contains complex tax principles, the meaning and significance of which would appear to be beyond the ken of the average juror, and therefore would be potentially confusing to the jury absent expert opinion.

**Exh. 94**: Defendant's objection is SUSTAINED absent an expert opinion to establish the relevance of this document. This is regulatory guidance provided to banking professionals to assist them in their professional duties, and is thus beyond the knowledge of the average juror. It is inadmissible absent expert testimony.

**Exh. 95**: Defendant's objection is SUSTAINED absent an expert opinion to establish the relevance of this document. This is regulatory guidance provided to bank regulators to assist them in the performance of their professional duties, and is thus beyond the knowledge of the average juror. It is inadmissible absent expert testimony.

**Exh. 97**: Defendant's objection is SUSTAINED absent an expert opinion to establish the relevance of this document. This is regulatory guidance

provided to bank examining personnel and high ranking bank officers to assist them in the performance of their professional duties, and is thus beyond the knowledge of the average juror.  It is inadmissible absent expert testimony.

**Exh. 99**:  Defendant's objection is SUSTAINED absent an expert opinion to establish the relevance of this document.  This is guidance provided to auditors to assist them in the performance of their professional duties in auditing "service companies," and is thus beyond the knowledge of the average juror.  It is inadmissible absent expert testimony.

**Exh. 116**:  Defendant's hearsay objection is SUSTAINED, as the material fact at issue for which the exhibit is offered is unspecified by the Plaintiffs.

**Exhs. 121D, 122C, 123C, 124C, 125C, 126C, 127C, 128C, 129C, 130C, 131C, 132C, 133C, 136D, 142D, 144D, 145D, 149C, 151D, 152C, 159**:  Defendant's relevance objections are SUSTAINED.  These exhibits are relevant and admissible as to damages only, should the jury find the Bank liable under breach of contract or breach of fiduciary duty in the liability phase of trial.

**Exh. 153**:  Defendant's objection is OVERRULED.  This exhibit is relevant to show management of Plaintiffs' investment funds.

**Exh. 154**:  Defendant's objections are OVERRULED.  Plaintiffs are ordered to show cause why this document should not be compiled so that the relevant portions are reflected in a demonstrative exhibit.

**Exh. 155**:  Defendant's objection is OVERRULED.  Plaintiffs are ordered to show cause why this document should not be compiled so that the relevant portions are reflected in a demonstrative exhibit.

**Exh. 156**:  Defendant's relevance objection is OVERRULED.  The Plaintiffs are ordered to show cause why this document should not be compiled so that the relevant portions are reflected in a demonstrative exhibit.  Defendant's hearsay objection is SUSTAINED.  This exhibit must be redacted to exclude handwriting.

**Exh. 157**:  Defendant's relevance objection is SUSTAINED.  This exhibit is relevant and admissible for damages only.  The Plaintiffs are ordered to show cause why the statements cannot be summarized in a demonstrative exhibit.

**Exh. 158**:  Defendant's relevance objection is SUSTAINED.  This exhibit is relevant and admissible for damages only, to the extent that it is not cumulative.

**Exh. 161**:  Defendant's objection is SUSTAINED, as the parties do not have an expert to testify to the collective investment fund issue.  This is summary guidance written for bank executives to assist them in the performance of their professional duties, and is thus beyond the knowledge of the average juror.  It is inadmissible absent expert testimony to explain the exhibit's contents and application to this case.

**Exh. 162**:  Defendant's relevance objection is SUSTAINED.  This exhibit is only admissible if the Plaintiffs can establish that the Bank knew or should have known of the article at the time of its publication.

**Exh. 163**:  Defendant's relevance objection is SUSTAINED.  This exhibit is a portion of a response provided to the State of Connecticut Department of Banking and does not state expressly that "'NAV' was not verified or audited by CCB" as Plaintiffs claim.

**Exh. 164**:  This document is inadmissible hearsay and is irrelevant for liability and for damages.

**Exhs. 167, 169, 170, 219, 222, 232, 236**:  These documents regarding required minimum distributions pursuant to the IRS Code are irrelevant for liability and for damages and are inadmissible.  The actual amount of withdrawal would be relevant to the issue of damages, but the reason for such withdrawal is irrelevant.  The relevance of the "level of disclosure to Plaintiff" has not been established.

**Exhs. 168, 204, 205, 229**:  These exhibits are irrelevant for liability or for damages purposes and are inadmissible.  The relevance of the "level of disclosure to Plaintiff" has not been established.

**Exhs. 186, 187, 188, 189, 190, 191, 192, 193, 199, 211, 214, 215, 220, 225, 226, 233, 238, 240**:  Defendant's hearsay objections are SUSTAINED and these documents are inadmissible.  Furthermore, the relevance of these documents is questionable as the Plaintiffs have not established what material fact at issue these exhibits tend to prove or disprove.  The relevance of the "level of disclosure to Plaintiff" has not been established.  Lastly, these documents are cumulative of the account statements.

**Exh. 213**: Defendant's relevance objection is SUSTAINED.

**Exh. 217**: Defendant's relevance objection is SUSTAINED.

**Exh. 223**: This exhibit is irrelevant for liability and for damages. There is no claim that the Plaintiffs suffered a loss because the Bank failed to make adequate disclosure of its custodial fees.

**Exh. 231**: Defendant's objection is SUSTAINED. This exhibit may be offered only for damages to the extent necessary in view of stipulations, compilations, and demonstratives.

**Exh. 237**: Defendant's hearsay objection is SUSTAINED.

**Exh. 254**: Defendant's objection is SUSTAINED; this document is incomplete.


**Exhibit C to the Joint Trial Memorandum: Defendant's Trial Exhibit List**

**Exhs. 1025, 1026, 1027, 1028, 1029, 1030, 1031**: Plaintiffs' objection is OVERRULED; these exhibits appear to be redacted as per the parties' stipulation.

**Exhs. 1046, 1047, 1049, 1050, 1155**: Plaintiffs' relevance objections are SUSTAINED. The Defendant has not identified what material fact at issue in this case these plan documents tend to prove or disprove.

**Exh. 1076**: Plaintiffs' hearsay objection is SUSTAINED. This exhibit constitutes inadmissible hearsay with no identified exception. Defendant's Exh. 1076 and Plaintiffs' Exh. 28 are identical (save for two allegedly missing pages); thus, BOTH exhibits are inadmissible.

**Exhs. 1085\*, 1090\*, 1104\*, 1131, 1132, 1156\*, 1157\***: Plaintiffs' objections are SUSTAINED. These exhibits constitute inadmissible hearsay; no facts

---

\* Simple business correspondence – including the business letters offered as exhibits here – do not constitute records of regularly conducted activity under Fed. R. Evid. 803(6) without further evidence that such correspondence was kept in the course of a regularly conducted business activity and that it was the regular practice of the business to make such records. *See* Fed. R. Evid. 803(6); *Metro. Enter. Corp. v. United Technologies Int'l.*, CIV303CV1685JBA, 2006 WL 798870, *2 (D. Conn. Feb. 28, 2006) (holding a business letter to be inadmissible hearsay where "plaintiff has made no showing that it was a routine part of [the

asserted support a conclusion that these documents are records of regularly conducted activity under Fed. R. Evid. 803(6).

**Exh. 1102**: Plaintiffs' relevance objection is SUSTAINED. Excerpts of this exhibit may be admitted for impeachment, subject to authentication.

**Exhs. 1103, 1118, 1158**: Plaintiffs' objections are OVERRULED; these are records of regularly conducted activity under Fed. R. Evid. 803(6).

**Exh. 1107∗**: Plaintiffs' objection is SUSTAINED. This is inadmissible hearsay; no facts asserted support a conclusion that this is a record of regularly conducted activity under Fed. R. Evid. 803(6). Additionally, this exhibit is not relevant as it is not indicative of the practices and policies of BLMIS in general but rather speaks only with respect to this particular account holder.

**Exh. 1108∗**: Plaintiffs' objection is SUSTAINED. This is inadmissible hearsay; no facts asserted support a conclusion that this is a record of regularly conducted activity under Fed. R. Evid. 803(6). Additionally, this exhibit is incomplete and the Court questions its relevance.

**Exh. 1109∗**: Plaintiffs' objections are SUSTAINED. The Court cannot discern what material fact at issue in this case this letter would tend to prove or

---

entity]'s business to write letters such as [the proposed exhibit] to its customers" and because "although plaintiff argues that it relied on [the entity]'s statements in the letter, the test is whether [the entity] routinely relied on such records as part of its business, a showing plaintiff has not made."); *Yankee Bank for Fin. & Sav., FSB v. Task Associates, Inc.*, 139 B.R. 71, 79-80 (N.D.N.Y. 1992) (holding business letter to be inadmissible hearsay where, although it could be inferred that the letter could have been generated in the ordinary course of the entity's business activity, "an inference would not be sufficient to comport with the Second Circuit's stringent regular practice requirement" and where there was no direct evidence in the record showing that it was the entity's regular practice to draft such a letter); *Fagiola v. Nat'l Gypsum Co. AC & S., Inc.*, 906 F.2d 53, 59 (2d Cir. 1990) (district court properly excluded exhibits as hearsay where "no attempt appears to have been made to provide evidentiary support" for a finding that the documents were made in the course of a regularly conducted business activity or that it was the regular practice of the business to make such records). *See also* Fed. R. Evid. 803(6) Advisory Comm. Note ("The element of unusual reliability of business records is said variously to be supplied by systematic checking, by regularity and continuity which produce habits of precision, by actual experience of business in relying upon them, or by a duty to make an accurate record as part of a continuing job or occupation.").

7

disprove. Additionally, this is inadmissible hearsay and hearsay within hearsay; no facts asserted support a conclusion that this is a record of regularly conducted activity under Fed. R. Evid. 803(6).

**Exhs. 1161, 1162, 1163, 1164**: Plaintiffs' objections are OVERRULED. These exhibits are not hearsay; they are admissible not for the truth of the exhibits' contents, but rather for Silverman's knowledge of the exhibits' contents.

**Exhs. 1018, 1020, 1084, 1088, 1091, 1101, 1119, 1159**: Pursuant to information presented during the May 23, 2013 Pre-Trial Conference with the Court, the Court acknowledges that Defendant has voluntarily withdrawn these exhibits without any ruling or intervention by the Court.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

**Dated at Hartford, Connecticut: June 14, 2013**