# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN R. LEVINSON; RICHARD E. LAYTON; and DR. R. LAYTON P.A. 401(K) PLAN, | Case No.: 3:09-cv-00269 (VLB) |
| | Class Action |
| Plaintiffs, | |
| v. | |
| Westport National Bank; TD BankNorth NA; and Robert L. Silverman | |
| Defendants. | |

## STIPULATION OF SETTLEMENT

The undersigned parties (collectively, the "Parties," and each separately a

"Party") to the above-captioned action (the "Action"), by and through their

attorneys, have entered into the following Stipulation of Settlement (this

"Settlement Agreement"), subject to the approval of this Court.

## RECITALS

WHEREAS:

A.      On February 13, 2009, Stephen R. Levinson, Richard E. Layton, and

Dr. R. Layton P.A. 401(k) Plan (the "Plaintiffs") commenced an action pending in

the District Court of Connecticut, with the above captioned title (the "Action"),

asserting claims against Westport National Bank ("the Bank") for numerous

claims (the "Complaint").  Subsequently, the Plaintiffs filed a First Amended

Class Action Complaint on January 19, 2010 (the "Amended Complaint").

Currently pending before the Court are claims for breach of contract and breach of fiduciary duty. These claims are based on an agreement entered into between Westport National Bank and each Class member (the "Custodian Agreement"); and,

B. On May 2, 2011, the Plaintiffs filed a motion pursuant to Fed. R. Civ. P. 23(b)(3) to certify a plaintiff class in the Action; and,

C. By order dated December 14, 2011, this Court certified the following class in this Action (the "Levinson Plaintiffs" or "Class"):

> All persons or entities that were beneficiaries of the omnibus account at BLMIS maintained in the name of WNB as of December 11, 2008.

See Ruling on Plaintiffs' Motion for Class Certification, dated December 14, 2011 [Docket No. 368] at 33-34; and,

D. The Levinson Plaintiffs and the Bank have engaged in negotiations that have culminated in an agreement to settle and resolve the claims of the Class in the Action, as detailed herein; and,

E. Based upon their investigation, pretrial discovery, motion practice, and several days of trial testimony in the Action, counsel for Plaintiffs and the Class have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable and adequate as to Plaintiffs and the Class, and in the best interests of Plaintiffs and the Class, after considering (i) the substantial benefits that Plaintiffs and the Class Members will receive from settlement of the Action, (ii) the attendant risks of continued litigation and the uncertainty of the outcome

2

of the Action, and (iii) the desirability of permitting a settlement to be consummated as provided by the terms of this Settlement Agreement; and,

      F.      The Bank has at all times denied, and continues to deny, all allegations whatsoever of any wrongdoing, negligence, fault, or liability, and asserts that its actions have been lawful and proper in all respects and in compliance with the Custodian Agreement, but in order to avoid the uncertainties, risks and expense of further litigation, the Bank has agreed to settle and terminate all existing or potential claims against it pursuant to the terms and provisions of this Settlement Agreement; provided, however, that in agreeing to settle this Action, the Bank in no way acknowledges any wrongdoing, negligence, fault or liability to the Plaintiffs or the Class, and no inference of any such liability is to be drawn from the participation in this settlement by the Bank, which has raised a number of affirmative defenses to the claims asserted in the Action and asserts its intention, absent a settlement, to continue with a vigorous defense and proceed to further litigation of this Action.

      NOW, THEREFORE, IT IS STIPULATED AND AGREED, by and among the Parties, through their respective attorneys, subject to approval of the Court, and pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that in consideration of the benefits flowing to the Parties from the settlement, all Settled Claims (as hereinafter defined) as against all Released Parties (as hereinafter defined), and against Class Members (as hereinafter defined), shall be compromised, settled, released and dismissed with prejudice and without costs, upon and subject to the following terms and conditions:

## DEFINITIONS

1.      Definitions:  As used in this Settlement Agreement, the following terms shall have the following meanings:

(a)      "Action" has the meaning set forth in the introductory paragraphs of this Settlement Agreement.

(b)      "Amended Complaint" has the meaning set forth in paragraph A of the Recitals above.

(c)      "Bank" has the meaning set forth in paragraph A of the Recitals above.

(d)      "Class" means all persons falling within the Class definition set forth in paragraph C of the Recitals above, with the exception of those persons that have exercised their right to opt out of the Class, which persons are listed on Exhibit A to this Settlement Agreement. Class members are also referred to as "Levinson Plaintiffs" throughout this Settlement Agreement.

(e)      "Class Counsel" means Whatley Kallas, LLP.

(f)      "Class Member" means a member of the Class.

(g)      "Complaint" has the meaning set forth in paragraph A of the Recitals above.

(h)      "Custodian Agreement" has the meaning set forth in paragraph A of the Recitals above.

(i)      "Effective Date" has the meaning set forth in paragraph 12 below.

4

(j)    "Final Fairness Hearing" means the hearing at which the Court shall consider and determine whether to enter the Order and Final Judgment.

(k)    "Order and Final Judgment" means the proposed order to be entered approving the Settlement substantially in the form attached hereto as Exhibit B.

(l)    "Preliminary Approval Date" means the date on which the Court enters the Prelminary Approval Order (defined below).

(m)    "Preliminary Approval Order" means the proposed order preliminarily approving the terms of the Settlement Agreement, approving the content of the proposed notice and directing distribution thereof to the Class and establishing a date for the Final Fairness Hearing, substantially in the form attached hereto as Exhibit C.

(n)    "Parties" has the meaning set forth in the introductory paragraph of this Settlement Agreement.

(o)    "Party" has the meaning set forth in the introductory paragraph of this Settlement Agreement.

(p)    "Plaintiffs" has the meaning set forth in paragraph A of the Recitals above.

(q)    "Released Parties" means Westport National Bank, Connecticut Community Bank, N.A., and their past and present shareholders, principals, parent corporations, affiliates, subsidiaries, predecessors

and successors, and each of their past and present officers, directors, owners, shareholders, principals, members, partners, employees, agents, attorneys, insurers and assigns of any of the foregoing, and all persons acting for them, past or present.

(r)     "Settled Claims" means any and all claims in law or in equity and any and all claims, demands, actions, causes of action, obligations, damages, liabilities, loss, restitution, fines, costs, penalties or expenses including attorneys' fees of any kind or nature whatsoever, past or present, ascertained or unascertained, whether or not known, suspected or claimed from the beginning of time through and including the Preliminary Approval Date arising out of or in any way related to the claims that have been or could have been asserted in the Action by the Class Members or any of them against any of the Released Parties arising out of or in any way relating to the Custodian Agreement entered into by the Class Members.

(s)     "Settlement" means the mutually agreed upon undertakings, terms and conditions contemplated by this Settlement Agreement.

(t)     "Settlement Agreement" has the meaning set forth in the introductory paragraph above.  The Settlement Agreement includes this document and all attached Exhibits.

(u)     "Settlement Consideration" means the Total Class Settlement Amount.

(v)     "Settlement Fund" means $7.5 million plus the approximately $253,369.57 contained in WNB's custody services money market account, which WNB has agreed to pay to resolve the claims of the Class and of the plaintiffs in *Davis, et al. v. Connecticut Community Bank*, Case No. 3:10-cv-00261 (VLB) (the "*Davis* Plaintiffs") and *Schacht, et al v. Connecticut Community Bank N.A., owner of Westport National Bank*, FST CV 11 6009429 S (the "*Schacht* Plaintiffs").

(w)     "Settlement Notice" means the Notice of Proposed Settlement of Class Action, Settlement Fairness Hearing and Right to Appear, which is to be sent to Class Members substantially in the forms attached hereto as Exhibit D.

(x)     "Settling Plaintiffs" means Plaintiffs in this Action, the *Davis* Plaintiffs, and the *Schacht* Plaintiffs.   The *Davis* Plaintiffs and *Schacht* Plaintiffs are settling their claims against the Bank, and will share in the Settlement Fund, pursuant to separate settlement agreements to be executed with the Bank.

(y)     "Termination Notice" has the meaning set forth in paragraph 13 below.

(z)     "Total Class Settlement Amount" means a sum equal to that portion of the Settlement Fund allocated to Class Members pursuant to the Plan of Allocation set forth in paragraph 6 below, from which shall be paid (i) all distributions to be made to Class Members pursuant to

this Settlement Agreement and (ii) attorneys' fees and reasonable expenses that are approved by the Court.

## SETTLEMENT CONSIDERATION

2.     Settlement Consideration:  In consideration for the Settlement of the Action on the terms and conditions set forth in this Settlement Agreement, the Bank agrees to pay the Settlement Consideration on the Effective Date.  No part of the Settlement Consideration constitutes (i) a fine or penalty under any law or (ii) a payment to settle any actual or potential liability for a fine or penalty under any law.

3.     The Bank's Payment Obligations To The Class And Class Counsel: The Total Class Settlement Amount shall constitute the sole and entire obligation of the Bank to make any payments to or for the benefit of the Class and/or Class Counsel in connection with the Settlement.

## ADMINISTRATION OF THE SETTLEMENT

4.     Delivery Of Settlement Notice To The Class:  The Class Counsel shall cause the Settlement Notice to be delivered to the Class Members by First Class U.S. Mail directly to every Class Member at the last known address of the Class Member, to be mailed within ten (10) days following the date the Court enters the Preliminary Approval Order.

5.     Delivery Of Required Notices To Governmental Officials:  No later than ten (10) days after the date on which the Plaintiffs file their Motion for Preliminary Approval of Settlement and Approval of Form and Content of Notice

to Class Members and this Settlement Agreement with the Court, the Bank shall serve copies of the notice and papers specified in 28 U.S.C. § 1715(b) upon the Office of the Comptroller of Currency (the "OCC") pursuant to 28 U.S.C. § 1715(d)(1) and 12 USC § 1813(c)(4).

## PROPOSED PLAN OF ALLOCATION OF SETTLEMENT FUND

6.      The Parties agree to propose to the Court for its approval the following Plan of Allocation for the distribution of the Settlement Fund to the Settling Plaintiffs:

- Class Counsel will seek an award of reasonable expenses and attorneys' fees of 25% of the Settlement Fund (to be distributed between Class Counsel and counsel for the *Davis* and *Schacht* Plaintiffs as agreed to between them).  After subtracting awarded attorneys' fees and reasonable expenses, the remainder of the Settlement Fund shall be allocated as follows:

- 75% shall be allocated to a sub-fund for reimbursement of the net contributions of custodial accountholders whose total net contributions (contributions minus withdrawals) to their custodial accounts from the time they first opened a custodial account, whether with WNB or with the prior custodian, Westport Bank and Trust, through December 11, 2008, were greater than zero (the "Contributions Sub-Fund").  The Contributions Sub-Fund shall be distributed to each of the Class Members, the *Davis* Plaintiffs, and the *Schacht* Plaintiffs whose total net contributions were greater than zero, in accordance with their *pro rata* shares of the total net deposits by all Class Members, *Davis* Plaintiffs, and *Schacht* Plaintiffs whose total net contributions were greater than zero.

- The remaining 25% of the remainder of the Settlement Fund shall be allocated to a sub-fund for reimbursement of custodial and other fees paid to WNB and PSCC (the "Fees Sub-Fund").  The Fees Sub-Fund shall be distributed to each of the Class Members, the *Davis* Plaintiffs, and the *Schacht* Plaintiffs in accordance with their *pro rata* shares of the total amount of fees paid by WNB to WNB and PSCC out of the custodial accounts of Class Members, the *Davis* Plaintiffs, and the *Schacht* Plaintiffs.

## RELEASE AND COMPROMISE OF DISPUTED CLAIMS

7.     **Release of Settled Claims:** Upon the Effective Date, Plaintiffs and Class Members, on behalf of themselves and their past or present respective officers, directors, owners, shareholders, principals, affiliates, subsidiaries, parent corporations, members, partners, employees, agents, attorneys and all persons acting for them, past or present, hereby fully and forever release and discharge the Released Parties of and from each and every Settled Claim, and do release and forever discharge, and shall forever be enjoined from prosecuting, any Settled Claims against any of the Released Parties.

8.     **Scope of Settlement:** The obligations incurred pursuant to this Settlement Agreement shall be in full and final disposition of the Action and any and all Settled Claims as against all Released Parties.

9.     **Effect of Settlement As To Class Members' Claims:**

(a)    On the Effective Date, this Settlement shall be deemed final and conclusive against all Class Members. Whether or not a Class Member cashes or otherwise negotiates a check for a share of the Total Class Settlement Amount, if any, each Class Member shall be bound by all of the terms of this Settlement Agreement and the Settlement, including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for herein.

(b)    The failure of any Class Member to obtain any relief made available under this Settlement Agreement shall not affect the validity, scope, or enforcement of the releases herein, and all Class Members shall

10

remain bound by said releases.  The Bank shall not be required to remit any additional consideration to any Class Members following or on account of such failure by any Class Member.

(c)     As part and parcel of this Settlement Agreement, all Class Members will be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit in any state, territorial or federal court, or any arbitration or administrative or regulatory or other proceeding in any jurisdiction, which asserts claims against the Released Parties based on or in any way related to the Settled Claims, and the Court shall retain exclusive continuing jurisdiction to enforce said injunction.

(d)     Plaintiffs and all Class Members hereby expressly agree that all provisions of this paragraph together and separately constitute essential terms of this Settlement Agreement.

## OBTAINING JUDICIAL APPROVAL OF THE SETTLEMENT

10.     Motion For Preliminary Approval:  Promptly after this Settlement Agreement has been fully executed, Plaintiffs shall apply to the Court for entry of an Preliminary Approval Order, substantially in the form annexed to this Settlement Agreement as Exhibit C.

11.     Terms of Order and Final Judgment:  If the Settlement contemplated by this Settlement Agreement is approved by the Court, counsel for the Parties

shall request that the Court enter an Order and Final Judgment substantially in the form annexed hereto as Exhibit B.

## CONDITIONS FOR FINAL SETTLEMENT

12.    **Effective Date:** The "Effective Date" of Settlement shall be the date when all the following shall have occurred:

    (a)    Expiration of the period specified under 28 U.S.C. § 1715(d);

    (b)    Approval of the Settlement by the Court following notice to the Class and a hearing, as prescribed by Rule 23(e) of the Federal Rules of Civil Procedure;

    (c)    An Order and Final Judgment, substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court has become Final; and

    (d)    The time within which any Party may exercise its termination rights under paragraphs 13 and 14 of this Settlement Agreement has expired.

13.    **Termination Upon Rejection or Modification of the Settlement:** Either Plaintiffs or the Bank may terminate the Settlement and this Settlement Agreement by providing written notice of their election to do so ("Termination Notice") to all other Parties within ten (10) business days of the occurrence of any of the following:

    (a)    The refusal of the Court to enter the Order for Notice and Hearing in any material respect;

(b)     The refusal of the Court to approve this Settlement Agreement or any
        material part of it (other than any adjustment to any awards of
        attorneys fees and expenses that might be ordered in the discretion
        of the Court);

(c)     The refusal of the Court to enter the Order and Final Judgment in any
        material respect; or

(d)     The modification or reversal of the Order and Final Judgment in any
        material respect by any appellate court of competent jurisdiction
        (other than any adjustments to any awards of attorneys' fees and
        expenses that might be ordered in the discretion of the Court).

14.     Termination Based On Requests For Exclusion:  In the event that any
or all Class Members are afforded the right to opt out of the Class pursuant to
Fed. R. Civ. P. 23(e)(3) and a confidential number of Class Members (which
number is set forth in a separate, confidential letter agreement between the
Parties) exercises his or her right to opt out of the Class, the Bank shall have the
right to terminate the Settlement and this Settlement Agreement by providing a
written Termination Notice to Plaintiffs within twenty (20) business days of the
date on which the period for requesting exclusion from the Class expires.

15.     Effect Of Termination:  Except as otherwise provided herein, in the
event the Settlement is terminated pursuant to paragraphs 13 and 14 of this
Settlement Agreement, then the Parties shall be deemed to have reverted to their
respective status in the Action immediately prior to the execution of this
Settlement Agreement and, except as otherwise expressly provided, the Parties

shall proceed in all respects as if this Settlement Agreement and any related orders had not been entered.  The Parties to this Settlement Agreement and their counsel shall not use any information received, shared, or exchanged in connection with the negotiations relating to this Settlement Agreement.

## MISCELLANEOUS PROVISIONS

16.     <u>No Admission Of Wrongdoing</u>:  This Settlement, whether or not consummated, and any proceedings taken pursuant to it:

(a)     Shall not be offered or received against the Bank as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Bank with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action in any litigation, or of any liability, negligence, fault, or wrongdoing of the Bank;

(b)     Shall not be offered or received against the Bank as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Bank;

(c)     Shall not be offered or received against the Bank as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against the Bank, in any other civil, criminal or

administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that if this Settlement is approved by the Court, the Bank may refer to it to effectuate the liability protection granted them hereunder;

(d)     Shall not be offered or received against the Bank as evidence of a presumption, concession or admission that the Class is appropriately certified for trial;

(e)     Shall not be construed against the Bank as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(f)     Shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defense asserted by the Bank has any merit, or that damages recoverable under the Complaint would not have exceeded the Total Class Settlement Amount.

This Settlement Agreement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of the Bank with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Bank has asserted. The Parties to this Settlement Agreement recognize that the litigation has been filed by Plaintiffs and

defended by the Bank in good faith and with adequate basis in fact under Federal Rule of Civil Procedure 11, that the litigation is being voluntarily settled after advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable. This Settlement Agreement shall not be construed or deemed to be a concession by any Plaintiff of any infirmity in the claims asserted in the Action or the strength or validity of any defenses that the Bank has asserted.

17.     Exhibits Incorporated By Reference: All of the exhibits attached to this Settlement Agreement are hereby incorporated by reference as though fully set forth herein.

18.     Authorization: Each Party represents and warrants that execution and delivery of this Settlement Agreement have been duly authorized by all necessary actions and that the execution and delivery of this Agreement constitutes a legal, valid and binding obligation of that Party. The persons signing this Settlement Agreement represent and warrant by their signatures that they have authority to sign the Settlement Agreement on behalf of the Party for whom they are signing.

19.     Parties Bound: This Settlement Agreement shall be binding upon and inure to the benefit of the Bank and the Class Members and their respective present and former officers, directors and employees, shareholders, any parent or subsidiary corporations of the Bank and the Class Members, and their respective heirs, successors, assigns and transferees.

20.     <u>Representation By Counsel</u>:  Each Party has been represented in the negotiation of this Settlement Agreement by independent counsel and has had the Settlement Agreement fully explained by its own counsel and are aware that the Settlement set forth in the Settlement Agreement (i) provides for payment of Settlement Consideration to and on behalf of the Class only as set forth in paragraph 6 of this Settlement Agreement and (ii) will terminate any and all rights of Plaintiffs and the Class Members to pursue the Settled Claims.

21.     <u>No Reliance; Independent Investigation</u>:  Each Party in entering into this Settlement Agreement relies upon its own investigation and judgment in regard to all matters herein contained and has not relied on any representations made by other Parties.  This Settlement Agreement is made and entered into by each of the Parties of its own volition and each of the Parties warrants that this Settlement Agreement was made and entered into free of any duress, coercion, or undue influence from any source whatsoever.

22.     <u>Jointly Drafted</u>:  Each Party has participated in the drafting and negotiation of this Settlement Agreement.  For all purposes, this Settlement Agreement shall be deemed to have been drafted jointly by the Parties. Accordingly, any rule of law or any legal decision that would require interpretation of any claimed ambiguities in this Settlement Agreement against the party that drafted it has no application and is expressly waived.  The provisions of this Settlement Agreement shall be interpreted in a reasonable manner so as to effectuate the intent of the Parties, and no rule of strict construction shall be applied against any Party to this Agreement.

23.     **Entire Agreement; Amendments; Construction With Other**

**Agreements:** This Settlement Agreement constitutes the only existing and binding agreement between the Parties concerning the Settlement and supersedes any prior oral or written agreements concerning the Settlement. The Parties acknowledge that there are no other warranties, promises, assurances or representations of any kind, express or implied, upon which the Parties have relied in entering into this Settlement Agreement, unless expressly set forth herein. This Settlement Agreement, including the provisions of this paragraph, may not be modified, amended or altered in any way except by written agreement signed by each of the Parties.

24.     **Counterparts:** This Settlement Agreement may be executed in any number of counterparts, all of which taken together shall constitute one and the same instrument. Any of the Parties may execute this Settlement Agreement by signing any such counterpart.

25.     **Effect of Headings:** The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

26.     **Settlement Subject To Judicial Supervision and Approval:** The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses and enforcing the terms of this Settlement Agreement.

27.     Non-Waiver:  The waiver by one Party of any breach of this
Settlement Agreement by any other Party shall not be deemed a waiver of any
other prior or subsequent breach of this Settlement Agreement.

28.     Governing Law:  The construction, interpretation, operation, effect
and validity of this Settlement Agreement, and all documents necessary to
effectuate it, shall be governed by the internal laws of the State of Connecticut
without regard to conflicts of laws, except to the extent that federal law requires
that federal law governs.

29.     Cooperation:  Class Counsel and Bank Counsel agree to cooperate
fully with one another in seeking Court approval of the Order for Notice and
Hearing, the Settlement Agreement and the Settlement, and to promptly agree
upon and execute all such other documentation as may be reasonably required to
obtain Final approval of the Settlement.


[The remainder of this page has intentionally been left blank]


19

Stipulated and agreed to this 19th day of July, 2013.

Stephen R. Levinson, Richard E.
Layton, and Dr. R. Layton P.A. 401(K)
Plan, individually and on behalf of the
Class certified in the Action,

WESTPORT NATIONAL BANK,

By: _____

Joe R. Whatley, Esq.
Edith M. Kallas, Esq.
Ilze C. Thielmann, Esq.
WHATLEY KALLAS, LLP
380 Madison Avenue, 23rd Floor
New York, NY 10017
Tel: (212) 447-7060
Fax: (212) 47-7077

By: _____

Tracy A. Miner, Esq.
Joseph P. Curtin, Esq.
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
Fax: (617) 542-2241

By:     /s/ Scott Corrigan, Esq.
Scott Corrigan, Esq.
Joseph Merschman, Esq.
Wiggin and Dana
265 Church Street
New Haven, CT 06510
Tel:(203) 498-4323
Fax: (203) 782-2889

20

## Schedule of Exhibits to Settlement Agreement

**Exhibit A:**   List of Opt-Outs from the Class

**Exhibit B:**   [Proposed] Order and Final Judgment

**Exhibit C:**   [Proposed] Preliminary Approval Order

**Exhibit D:**   Form of Settlement Notice

19930272v.1

# EXHIBIT A

*Levinson et al. v. Westport National Bank et al.*
**Opt-Out Requests**
May 16, 2012



| COUNT | NAME OF CLAIMANT | STREET ADDRESS | CITY & STATE | SIGNED Y/N | TIMELY /LATE | DATE REC'D |
|---|---|---|---|---|---|---|
| 1 | PATRICIA ROLAND | 185 MELBA ST APT 201 | MILFORD, CT | Y | Timely | 3/23/2012 |
| 2 | THEODORE KNERR | 120 RIVERSIDE DR, #7W | NEW YORK, NY | Y | Timely | 3/26/2012 |
| 3 | PAMELA SCHOTT | 365 BOOTH HILL ROAD | TRUMBULL, CT | Y | Timely | 4/3/2012 |
| 4 | DANIEL S LARKIN | 28 STONYBROOK RD | WESTPORT, CT | Y | Timely | 4/5/2012 |
| 5 | DANIEL S LARKIN | 28 STONYBROOK RD | WESTPORT, CT | Y | Timely | 4/5/2012 |
| 6 | FAYE ALBERT | 4949 SW 71ST PL | MIAMI, FL | Y | Timely | 4/9/2012 |
| 7 | AUDREY SHORT | 205 TOWERVIEW DR UNIT 3202 | ST AUGUSTINE, FL | Y | Timely | 4/10/2012 |
| 8 | HOWARD L POMERANTZ | 7800 W OAKLAND PARK BLVD STE 101 | SUNRISE, FL | Y | Timely | 4/30/2012 |
| 9 | RICHARD ABRAMOWITZ | 7800 W OAKLAND PARK BLVD STE 101 | SUNRISE, FL | Y | Timely | 4/30/2012 |
| 10 | TERESA GUTIERREZ | 7800 W OAKLAND PARK BLVD STE 101 | SUNRISE, FL | Y | Timely | 4/30/2012 |
| 11 | LYLE M KOENIG | 7800 W OAKLAND PARK BLVD STE 101 | SUNRISE, FL | Y | Timely | 4/30/2012 |
| 12 | ROBIN ABRAMOWITZ IRA | 3525 WINDMILL RANCH RD | WESTON, FL | Y | Timely | 4/30/2012 |
| 13 | HOWARD L POMERANTZ IRA | 2719 OAKMONT | WESTON, FL | Y | Timely | 4/30/2012 |
| 14 | WENDY SAGER POMERANTZ | 16100 EMERALD ESTATES DR #280 | WESTON, FL | Y | Timely | 5/7/2012 |
| 15 | THERESA A WOLFE | 3808 KIMBERLY DR | PEARLAND, TX | Y | Timely | 5/10/2012 |
| 16 | MARIA L SINAGUGLIA | 123 S CATALINA AVE #326 | REDONDO BEACH, CA | Y | Timely | 5/10/2012 |
| 17 | DANIEL DAVIS | 6149 DUNBAR CT | LEAGUE CITY, TX | Y | Timely | 5/14/2012 |
| 18 | TRACI DAVIS | 6149 DUNBAR CT | LEAGUE CITY, TX | Y | Timely | 5/14/2012 |
| 19 | HAYDEN DAVIS | 6149 DUNBAR CT | LEAGUE CITY, TX | Y | Timely | 5/14/2012 |
| 20 | RICHARD ABRAMOWITZ & HOWARD POMERANTZ, TTEES, ABRAMOWITZ & POMERANTZ, P.A. | 7800 W OAKLAND PARK BLVD STE 101 | SUNRISE, FL | Y | Timely | 5/14/2012 |
| 21 | BEN R BACKUS, TTEE WR JOHNSON CO PENSION AND PROFIT SHARING PLAN AND FOR ALL PLAN MEMBERS | 28 SCOFIELD AVE | STAMFORD, CT | Y | Timely | 5/14/2012 |
| 22 | BEN R BACKUS | 28 SCOFIELD AVE | STAMFORD, CT | Y | Timely | 5/15/2012 |
| 23 | DIANE C BACKUS | 44 YALE CT | STAMFORD, CT | Y | Timely | 5/14/2012 |
| 24 | KIMBERLY M BACKUS | 28 SCOFIELD AVE | STAMFORD, CT | Y | Timely | 5/14/2012 |
| 25 | GUISEPPE C BASILI | 19 CALVIN RD | WESTON, CT | Y | Timely | 5/14/2012 |
| 26 | MARGHERITA M BASILI | 37 WHITNEY GLEN DR | WESTPORT, CT | Y | Timely | 5/14/2012 |
| 27 | MARGHERITA M BASILI TTEE MARGHERITA M BASILI RETIREMENT PLAN AND ALL PLAN MEMBERS | 37 WHITNEY GLEN DR | WESTPORT, CT | Y | Timely | 5/14/2012 |
| 28 | CRESCIENZO J BOCCANFUSO | 84 HARBOR RD | WESTPORT, CT | Y | Timely | 5/14/2012 |
| 29 | DOMINICK BOCCANFUSO | 88 HARBOR RD | WESTPORT, CT | Y | Timely | 5/14/2012 |
| 30 | GUISEPPE A BOCCANFUSO | 88 HARBOR RD | WESTPORT, CT | Y | Timely | 5/14/2012 |
| 31 | MADELEINE CORISH (ALAN E CORISH EXECUTOR) | 15 KREINER LN | NORWALK, CT | Y | Timely | 5/14/2012 |
| 32 | CAROL P DARGAN | 2909 KNIGHTBRIDGE RD | COLUMBIA, SC | Y | Timely | 5/14/2012 |
| 33 | EVERETT L DARGAN | 2909 KNIGHTBRIDGE RD | COLUMBIA, SC | Y | Timely | 5/14/2012 |
| 34 | CHRISTINA M DAVIS | 1608 HEATHER SPRINGS LN | LEAGUE CITY, TX | Y | Timely | 5/14/2012 |
| 35 | DAVID L DAVIS | 1608 HEATHER SPRINGS LN | LEAGUE CITY, TX | Y | Timely | 5/14/2012 |
| 36 | DAVID LUKE DAVIS BY DAVID L DAVIS | 1608 HEATHER SPRINGS LN | LEAGUE CITY, TX | Y | Timely | 5/14/2012 |
| 37 | GARY S DAVIS | 148 PAMELLIA DR | BELLAIRE, TX | Y | Timely | 5/14/2012 |
| 38 | GARY S DAVIS PARENT OF STEPHANIE W AND JOSEPH W DAVIS | 148 PAMELLIA DR | BELLAIRE, TX | Y | Timely | 5/14/2012 |
| 39 | AMY (JING) DAVIS IRA | 148 PAMELLIA DR | BELLAIRE, TX | Y | Timely | 5/14/2012 |
| 40 | SOL DAVIS | 8977 BRIAR FOREST DR | HOUSTON, TX | Y | Timely | 5/14/2012 |
| 41 | SOL DAVIS TTEE SOL DAVIS RETIREMENT PLAN | 8977 BRIAR FOREST DR | HOUSTON, TX | Y | Timely | 5/14/2012 |
| 42 | SAMUEL M DAVIS | 5602 ARMOUR DR | HOUSTON, TX | Y | Timely | 5/14/2012 |

*Levinson et al. v. Westport National Bank et al.*
**Opt-Out Requests**
**May 16, 2012**



| 43 | MELISSA DORON PARENT OF ALEXANDER SAMUEL DORON | 5818 LUDINGTON DR | HOUSTON, TX | Y | Timely | 5/14/2012 |
|---|---|---|---|---|---|---|
| 44 | MARCIA B FITZMAURICE | 38 ROYAL JAMES DR | HILTON HEAD, SC | Y | Timely | 5/14/2012 |
| 45 | THOMAS R FITZMAURICE | 38 ROYAL JAMES DR | HILTON HEAD, SC | Y | Timely | 5/14/2012 |
| 46 | SOPHIA FREITAG | 4 BUTTERNUT LN | NORWALK, CT | Y | Timely | 5/14/2012 |
| 47 | BONNIE A JOHNSON | 27 WINESAP RD | STAMFORD, CT | Y | Timely | 5/14/2012 |
| 48 | BONNIE A JOHNSON PARENT OF DANA C JOHNSON | 27 WINESAP RD | STAMFORD, CT | Y | Timely | 5/14/2012 |
| 49 | CORY D JOHNSON | 27 WINESAP RD | STAMFORD, CT | Y | Timely | 5/14/2012 |
| 50 | DANA C JOHNSON | 27 WINLSAP RD | STAMFORD, CT | Y | Timely | 5/14/2012 |
| 51 | DAVID C JOHNSON | 27 WINESAP RD | STAMFORD, CT | Y | Timely | 5/14/2012 |
| 52 | DOUGLAS H JOHNSON | 21 HARVEST HILL LN | STAMFORD, CT | Y | Timely | 5/14/2012 |
| 53 | JACQUELNE A JOHNSON | 21 HARVEST HILL LN | STAMFORD, CT | Y | Timely | 5/14/2012 |
| 54 | JAIME R JOHNSON | 27 WINESAP RD | STAMFORD, CT | Y | Timely | 5/14/2012 |
| 55 | JOZEF KACZYNSKI | 95 PARK AVE | SHELTON, CT | Y | Timely | 5/14/2012 |
| 56 | CYNTHIA KANE | 9 CASSWAY RD | WOODBRIDGE, CT | Y | Timely | 5/14/2012 |
| 57 | JUSTIN KANE | 9 CASSWAY RD | WOODBRIDGE, CT | Y | Timely | 5/14/2012 |
| 58 | FRANK KATZ | 5210 N BRAESWOOD BLVD | HOUSTON, TX | Y | Timely | 5/14/2012 |
| 59 | PAULA KATZ | 5210 N BRAESWOOD BLVD | HOUSTON, TX | Y | Timely | 5/14/2012 |
| 60 | RITA STARR KATZ DAVEY | 214 SAILOR'S RUN | LAKEWAY, TX | Y | Timely | 5/14/2012 |
| 61 | ANNA FREITAG KEDERSHA PARENT OF ARIANNA KEDERSHA | 50 OYSTER RD | FAIRFIELD, CT | Y | Timely | 5/14/2012 |
| 62 | ARNOLD KOHN | 388 HARRIER DR | MONROE, NJ | Y | Timely | 5/14/2012 |
| 63 | PEGGY KOHN (ARNOLD KOHN EXECUTOR) | 388 HARRIER DR | MONROE, NJ | Y | Timely | 5/14/2012 |
| 64 | EUGENE G LAYCHAK, JR | 205 LAUREL RIDGE LN | NORTH KINGSTOWN, RI | Y | Timely | 5/14/2012 |
| 65 | LINDA LAYCHAK | 205 LAUREL RIDGE LN | NORTH KINGSTOWN, RI | Y | Timely | 5/14/2012 |
| 66 | DIANE T LEVIN | 2134 SUNDERLAND AVE | WELLINGTON, FL | Y | Timely | 5/14/2012 |
| 67 | ROBERT LEVIN | 2134 SUNDERLAND AVE | WELLINGTON, FL | Y | Timely | 5/14/2012 |
| 68 | JAMES F MCKAIGE | 27 FOX HILL RD | STAMFORD, CT | Y | Timely | 5/14/2012 |
| 69 | MIDLANDS SURGICAL ASSOC., P.A. PROFIT SHARING PLAN AND ALL PLAN MEMBERS | 1701 ST JULIAN PL, STE 100 | COLUMBIA, SC | Y | Timely | 5/14/2012 |
| 70 | HAROLD MURTHA, TTEE MURTHA ENTERPRISE, INC. PROFIT SHARING PLAN AND ALL PLAN MEMBERS INCLUDING HAROLD MURTHA, TERRANCE MURTHA, MICHELE MURTHA AND HAROLD MURTHA, III | PO BOX 51 | BEASON FALL, CT | Y | Timely | 5/14/2012 |
| 71 | GRACE A NASH | 1178 SPORT HILL RD | EASTON, CT | Y | Timely | 5/14/2012 |
| 72 | MICHAEL T NASH | 1178 SPORT HILL RD | EASTON, CT | Y | Timely | 5/14/2012 |
| 73 | THOMAS H NASH | 1178 SPORT HILL RD | EASTON, CT | Y | Timely | 5/14/2012 |
| 74 | MARGARET PACE | 22 WEED AVE | NORWALK, CT | Y | Timely | 5/14/2012 |
| 75 | ALEXANDER RABINOVICH | 234 ADAMS RD | EASTON, CT | Y | Timely | 5/14/2012 |
| 76 | MARIA RABINOVICH | 57 OVERLOOK TERR, APT 6E | NEW YORK, NY | Y | Timely | 5/14/2012 |
| 77 | NATASHA RABINOVICH | 234 ADAMS RD | EASTON, CT | Y | Timely | 5/14/2012 |
| 78 | VLADIMIR RABINOVICH | 234 ADAMS RD | EASTON, CT | Y | Timely | 5/14/2012 |
| 79 | ERIC RAUSHER | 8010 STIRRUP CAY CT | BOYNTON BEACH, FL | Y | Timely | 5/14/2012 |
| 80 | JASON M RAUSHER | 350 CLUB CIR, APT 206 | BOCA RATON, FL | Y | Timely | 5/14/2012 |
| 81 | MARSHA H RAUSHER | 17355 VENTANA DR | BOCA RATON, FL | Y | Timely | 5/14/2012 |
| 82 | MITCHELL J RAUSHER | 17355 VENTANA DR | BOCA RATON, FL | Y | Timely | 5/14/2012 |
| 83 | FRANCESCO SCATURCHIO | 28 SCOFIELD AVE | STAMFORD, CT | Y | Timely | 5/14/2012 |
| 84 | CINDY I SCHACHT | 3 VALLEY VIEW #3 | NORWALK, CT | Y | Timely | 5/14/2012 |
| 85 | PATTI SCHACHT | 326 BISHOPS FOREST DR | WALTHOM, MA | Y | Timely | 5/14/2012 |

*Levinson et al. v. Westport National Bank et al.*
**Opt-Out Requests**
**May 16, 2012**



| 86 | MARJA SHUSTER | 234 ADAMS RD | EASTON, CT | Y | Timely | 5/14/2012 |
|---|---|---|---|---|---|---|
| 87 | SHIRLEY B SKLAR | 88 STARLIN DR | STAMFORD, CT | Y | Timely | 5/14/2012 |
| 88 | STEVEN E SKLAR PARENT OF JULIE KATE SKLAR, KENNETH HENRY SKLAR AND NEAL AUSTIN SKLAR | 5406 S FULTON CT | GREENWOOD VILLAGE, CO | Y | Timely | 5/14/2012 |
| 89 | WILLIAM SKLAR | 88 STARLIN DR | STAMFORD, CT | Y | Timely | 5/14/2012 |
| 90 | WILLIAM SKLAR TTEE PACIFIC PLUMBING AND HEATING SUPPLY PROFIT SHARING PLAN AND ALL MEMBERS | 235 WESTPORT AVE | NORWALK, CT | Y | Timely | 5/14/2012 |
| 91 | EDWARD M STAUB, TTEE EDWARD M STAUB MD PC PENSION PLAN AND ALL PLAN MEMBERS | 1305 POST RD | FAIRFIELD, CT | Y | Timely | 5/14/2012 |
| 92 | EDWARD M STAUB, TTEE EDWARD M STAUB MD PC RETIREMENT PLAN AND ALL PLAN MEMBERS | 1305 POST RD | FAIRFIELD, CT | Y | Timely | 5/14/2012 |
| 93 | BETTY TARR | 59 ELM TREE PL | STAMFORD, CT | Y | Timely | 5/14/2012 |
| 94 | JOANE VERSES | 182 DOGWOOD CT | STAMFORD, CT | Y | Timely | 5/14/2012 |
| 95 | BERNARD B WINEBERG | 7000 N MCCORMICK BLVD #504 | LINCOLNWOOD, IL | Y | Timely | 5/14/2012 |
| 96 | LORETTA WINEBERG (BERNARD B WINEBERG EXECUTOR) | 7000 N MCCORMICK BLVD #504 | LINCOLNWOOD, IL | Y | Timely | 5/14/2012 |
| 97 | ANTONA G WILSON | 215 GREGG PKWY | COLUMBIA, SC | Y | Timely | 5/14/2012 |
| 98 | GERALD A WILSON | 215 GREGG PKWY | COLUMBIA, SC | Y | Timely | 5/14/2012 |
| 99 | CHRISTOPHER C YOUNG | 37 CHASMARS POND RD | DARIEN, CT | Y | Timely | 5/14/2012 |
| 100 | LAVINIA ZACK | 28 SCOFIELD AVE | STAMFORD, CT | Y | Timely | 5/14/2012 |
| 101 | MARY ZARRA PARENT OF AUGUSTINE AND ARTHUR ZARRA | 15 OYSTER RD | FAIRFIELD, CT | Y | Timely | 5/14/2012 |

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN R. LEVINSON; RICHARD E. LAYTON; and DR. R. LAYTON P.A. 401(K) PLAN, | Case No.: 3:09-cv-00269 (VLB) |
| | Class Action |
| Plaintiffs, | |
| v. | |
| Westport National Bank; TD BankNorth NA; and Robert L. Silverman | |
| Defendants. | |

## [PROPOSED] ORDER AND FINAL JUDGMENT

On the _____ day of _____, 2013, a hearing having been held

before this Court to determine: (1) whether the terms and conditions of the

Stipulation of Settlement dated July ___, 2013 (the "Settlement Agreement") are

fair, reasonable and adequate for the settlement of all claims asserted by

Plaintiffs Stephen R. Levinson, Richard E. Layton, and Dr. R. Layton P.A. 401(k)

Plan ("Plaintiffs") on behalf of the Class ("Levinson Plaintiffs" or "Class") against

Defendant Westport National Bank ("Bank") in the Complaint and Amended

Complaint now pending in this Court in the above-captioned action ("the Action"),

including the release of Released Parties, and should be approved; (2) whether

judgment should be entered dismissing the Settled Claims with prejudice in favor

of the Bank and as against all persons or entities who are Class Members herein

who have not requested exclusion therefrom; and (3) whether to approve the

proposed Plan of Allocation set forth in the Settlement Agreement as a fair and reasonable method to allocate the Settlement proceeds among the Class Members.  The Court having considered all matters submitted to it during the trial of this matter and at the hearing and otherwise; and it appearing that notice of the hearing substantially in the form approved by the Court was mailed to all Class Members at the respective addresses set forth in the records of the Plaintiffs; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Settlement Agreement;

IT IS ORDERED, ADJUDGED AND DECREED THIS DAY OF

_____, 2013, AS FOLLOWS:

1.      The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Class Members, and the Bank.

2.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court previously certified this action as a class action on behalf of the following class:

> All persons or entities that were beneficiaries of the omnibus account at BLMIS maintained in the name of WNB as of December 11, 2008.

Excluded from the Class are any persons that previously requested exclusion from the Class.

3.      In full compliance with Federal Rule of Civil Procedure 23 and the requirements of due process, on _____, 2013, the Class Counsel mailed notices of the proposed settlement (the "Notice") by first-class mail to the Class Members as shown on the records maintained by the Plaintiffs and Class Counsel.

4.      Due and adequate notice of the proceedings, of the pendency of this Action as a class action, and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the proceedings, of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.      The Court has held a hearing to consider the fairness, reasonableness and adequacy of the Settlement, has been advised of all objections to the Settlement and has given fair consideration to such objections. All such objections are overruled and denied in all respects.

6.      Due and adequate notice of the proceedings having been provided to the Class Members, and a full opportunity having been offered to them to participate in this Hearing, it is hereby determined that they are bound by the Order and Final Judgment entered herein.

7.      In full compliance with the requirements of 28 U.S.C. § 1715, the Bank provided notice of the Settlement to the Office of the Comptroller of Currency (the "OCC").  As further required under 28 U.S.C. § 1715(d), more than ninety (90) days have elapsed since the service of such notices on the OCC. [Neither the OCC nor any other official has served a written objection to the Settlement or appeared at the Settlement Fairness Hearing to interpose an objection to the Settlement].

8.      The Settlement Agreement and the terms of the Settlement as described in the Settlement Agreement and the Notice are hereby approved and confirmed as being fair, reasonable, and adequate; the Class Members and the Parties to the Settlement Agreement are directed hereby to consummate the Settlement in accordance with the terms and conditions set forth in the Settlement Agreement; and the Clerk of the Court is directed to enter and docket this Order and Final Judgment in the Action.

9.      The Amended Complaint is hereby dismissed with prejudice and without costs, except as provided in the Settlement Agreement, as against the Bank.

10.      The Plan of Allocation for the Settlement proceeds, as set forth in the Settlement Agreement, is approved as fair and reasonable, and Class Counsel and counsel for the Bank are directed to administer the Settlement in accordance with its terms and provisions.

11.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12.     Upon the Effective Date, Plaintiffs and Class Members, on behalf of themselves and their respective officers, directors, owners, shareholders, principals, affiliates, subsidiaries, parent corporations, members, partners, employees, agents, attorneys and all persons acting for them, past or present, will be permanently barred and enjoined from instituting, commencing, prosecuting any and all claims in law or in equity and any and all claims, demands, actions, causes of action, obligations, damages, liabilities, loss, costs, penalties or expenses, including attorneys' fees of any kind or nature whatsoever, past or present, ascertained or unascertained, whether or not known, suspected or claimed from the beginning of time through and including the Preliminary Approval Date, arising out of or in any way related to the Action, that have been or could have been asserted in the Action by the Class Members or any of them against any of the Released Parties arising out of or in any way relating to the Custodian Agreements entered into between the Class Members and the Bank. "Released Parties" means the Bank and its past and present shareholders, principals, parent corporations, affiliates, subsidiaries, predecessors and successors, and each of their past and present officers, directors, owners, shareholders, principals, members, partners, employees, agents, attorneys, insurers and assigns of any of the foregoing, and all persons acting for them, past or present. As of the Effective Date, the Settled Claims will

be compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings in this Action and this Order and Final Judgment. This Court shall retain exclusive continuing jurisdiction to enforce the injunction provided for in this paragraph 12 of this Order.

13.     Upon the Effective Date, Plaintiffs and all Class Members will be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit in any state, territorial or federal court, or any arbitration or administrative or regulatory or other proceeding in any jurisdiction, which asserts claims against the Released Parties based on or in any way related to the Settled Claims.  This Court shall retain exclusive continuing jurisdiction to enforce the injunction provided for in this paragraph 13 of this Order.

14.     Neither this Order and Final Judgment, the Settlement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

   (a)    Offered or received against the Bank as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Bank with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action in any litigation, or of any liability, negligence, fault, or wrongdoing of the Bank;

   (b)    Offered or received against the Bank as evidence of a presumption, concession or admission of any fault, misrepresentation or omission

6

with respect to any statement or written document approved or made by the Bank;

(c) Offered or received against the Bank as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Bank, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, the Bank may refer to the Settlement to effectuate the liability protection granted them thereunder;

(d) Offered or received against the Bank as evidence of a presumption, concession or admission that the Class is appropriately certified for trial;

(e) Construed against the Bank as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(f) Construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defense asserted by the Bank has any merit, or that damages recoverable under the Complaint would not have exceeded the total consideration paid by the Bank pursuant to the Settlement Agreement.

15. This Order and Final Judgment shall not constitute any evidence or admission by any of the Bank hereto or any other person that any acts of negligence or wrong doing of any nature have been committed and shall not be deemed to create any inference that there is any liability therefore.

16. No part of the amounts to be paid by the Bank pursuant to the Settlement Agreement constitutes (i) a fine or penalty under any law or (ii) a payment to settle any actual or potential liability for a fine or penalty under any law.

17.    The effectiveness of the provisions of this Order and Final Judgment and the obligations of the Class and the Bank under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Class Counsel's application for Class Counsel fees and expenses.

18.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

19.    Without affecting the finality of this Order and Final Judgment, jurisdiction is hereby retained by this Court for the purpose of protecting and implementing the Settlement and the terms of this Order and Final Judgment, including the resolution of any disputes that may arise with respect to the effectuation of any of the provisions of the Settlement, and for the entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement and this Order and Final Judgment.

Dated:  Hartford, Connecticut, _____, 2013.


                                        _____
                                        Honorable Vanessa Bryant
                                        Judge, United States District Court for
                                        the District of Connecticut.

19942474v.1

8

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN R. LEVINSON; RICHARD E. LAYTON; and DR. R. LAYTON P.A. 401(K) PLAN, | Case No.: 3:09-cv-00269 (VLB) |
| | Class Action |
| Plaintiffs, | |
| v. | |
| Westport National Bank; TD BankNorth NA; and Robert L. Silverman | |
| Defendants. | |

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS SETTLEMENT; GRANTING APPROVAL OF FORM AND CONTENT OF
NOTICE TO CLASS MEMBERS; SETTING THE OBJECTION DEADLINE;
SCHEDULING THE FINAL FAIRNESS HEARING;
APPOINTING WHATLEY KALLAS, LLP AS CLASS COUNSEL; PRELIMINARILY
APPROVING THE PLAN OF ALLOCATION OF THE SETTLEMENT FUND
TO BE INCLUDED IN THE NOTICE; AND SETTING A DATE FOR THE
FILING OF A MOTION FOR THE AWARD OF ATTORNEYS' FEES AND EXPENSES.

WHEREAS, on July 19, 2013, the parties to the above-entitled action (the

"Action"), plaintiffs Stephen R. Levinson, Richard E. Layton, and Dr. R. Layton

P.A. 401(k) Plan (together, "Plaintiffs") and Defendant Westport National Bank

(the "Bank"), entered into a Stipulation of Settlement (the "Settlement

Agreement") which is subject to review under Rule 23(e) of the Federal Rules of

Civil Procedure and which, together with the exhibits thereto, sets forth the terms

and conditions for the proposed settlement of the Settled Claims on the merits

and with prejudice and without costs; and

WHEREAS, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Action was previously certified as a class action on behalf of a plaintiff class defined as follows:

> All persons or entities that were beneficiaries of the omnibus account at BLMIS maintained in the name of Westport National Bank as of December 11, 2008

and notice was previously given to the members of the Class advising them of the pendency of the Action as a class action and Class Members were given the opportunity to exclude themselves from the Class; and

WHEREAS, the Court having read and considered the Settlement Agreement and the accompanying documents, and the Parties to the Settlement Agreement having consented to the entry of this Order, and all capitalized terms used herein having the meanings defined in the Settlement Agreement;

IT IS HEREBY ORDERED this ___ day of July, 2013 that:

1.      The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Final Fairness Hearing described below.    The Court preliminarily concludes that the Settlement Agreement, including the releases contained therein, is fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23, was entered into at arm's length by highly experienced counsel, and is sufficiently within the range of reasonableness to warrant the scheduling of the Final Fairness Hearing, and the distribution of the Notice of Class Settlement to members of the Settlement Class, each as described in this Preliminary Approval Order.

2.      The Court hereby appoints Whatley Kallas, LLP as Class Counsel, having determined that they are experienced and skilled attorneys capable of

fairly and adequately representing the interests of the Class, and that the requirements of Fed. R. Civ. P. 23 are fully satisfied by this appointment.

3.      A Final Fairness Hearing (the "Final Fairness Hearing") shall be held before the Court on _____, 2013, at _____ in the United States District Court for the District of Connecticut, in Hartford, Connecticut for the purposes of:

(a)     Determining whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court, and whether the Order and Final Judgment provided for in the Settlement Agreement should be entered thereon;

(b)     Determining whether the proposed allocation of the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(c)     Determining whether Class Counsel's application for an award of attorneys' fees and reasonable expenses should be granted; and

(d)     Ruling on such other matters as the Court may deem appropriate.

The Court may adjourn the Final Fairness Hearing or any adjournment thereof without further notice to the Class other than by announcement at the Final Fairness Hearing or any adjournment thereof.

4.      The Court approves the form, substance and requirements of the Notice attached as Exhibit D to the Settlement Agreement.

5.      The Court hereby preliminarily approves the Plan of Allocation set forth in the Settlement Agreement to be included in the Notice to be distributed to Class Members.

6.      No later than ten (10) business days after the date of this Order, the Class Counsel shall cause copies of the Notice to be mailed by first-class mail to

3

all Class Members. At or before the Final Fairness Hearing, the parties shall file proof, by affidavit, of such mailing.

7.      The Court finds that the mailing and distribution of the Notice, substantially in the manner and form set forth in this Order, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

8.      Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons had previously requested exclusion from the Class. No further opportunity to request exclusion need be given in this Action. No additional requests for exclusion from the Class will be accepted in this Action. The persons that requested exclusion from the Class in response to the prior notice of pendency of the Action are excluded from the Class and shall not be entitled to receive any of the proceeds of the Settlement as described in the Settlement Agreement and in the Notice.

9.      The Court will consider Class Members' objections to the Settlement and the proposed allocation of the proceeds of the Settlement only if such objections and any supporting papers are filed in writing with the Clerk of the Court no later than sixty (60) days after the deadline for mailing of notice set forth in paragraph 6 of this Order at the following address:

                    Abraham Ribicoff Federal Building
                    United States District Court
                    Attn: Clerk for the Honorable Vanessa Bryant
                    450 Main Street
                    Hartford, CT 06103

and copies of all such papers are served by mail or private delivery service

(postmarked or received for delivery (as applicable) no later than sixty (60) days

after the deadline for mailing of notice set forth in paragraph 6 of this Order upon

each of the following:

    Joe R. Whatley, Esq.
    Edith M. Kallas, Esq.
    Ilze C. Thielmann, Esq.
    WHATLEY KALLAS, LLP
    380 Madison Avenue, 23rd Floor
    New York, NY 10017
    Tel: (212) 447-7060
    Fax: (212) 447-7077

    Tracy A. Miner, Esq.
    Joseph P. Curtin, Esq.
    MINTZ LEVIN COHN FERRIS
    GLOVSKY AND POPEO, P.C.
    One Financial Center
    Boston, MA 02111
    Tel: (617) 542-6000
    Fax: (617) 542-2241

    Scott Corrigan, Esq.
    Joseph Merschman, Esq.
    WIGGIN AND DANA
    265 Church Street
    New Haven, CT  06510
    Tel:(203) 498-4323
    Fax: (203) 782-2889

    10.    Any Class Member that files and serves a timely written objection

may also appear at the Settlement Fairness Hearing either in person or through

counsel retained at the Class Member's expense.  Attendance at the Settlement

Fairness Hearing is not necessary; however, persons wishing to be heard orally

in opposition to the approval of the Settlement and the proposed allocation of the

proceeds of the Settlement are required to indicate in their written objection their

intention to appear at the Settlement Fairness Hearing.

11.     Class Members that intend to object to the proposed Settlement or the proposed allocation of the proceeds of the Settlement and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.

12.     Unless the Court otherwise directs, no member of the Class shall be entitled to object to the Settlement, the proposed allocation of the proceeds of the Settlement, or otherwise to be heard, except by serving and filing written objections as described above.  Any Class Member that fails to object in the manner provided above shall be deemed to have waived such objection and shall forever be barred from making any such objection in this Action or in any other action or proceeding.  The Court shall not consider comments and/or objections filed by individuals that excluded themselves from the Class.

13.     Any motion for an award of attorneys' fees and/or expenses by Class Counsel shall be filed with the Court no later than [NUMBER] days before the Final Fairness Hearing.

14.     Following the Settlement Fairness Hearing, if the Court finally approves the Settlement provided for in the Settlement Agreement, judgment shall be entered substantially in the form attached to the Settlement Agreement.

15.     If any specified condition to the Settlement set forth in the Settlement Agreement is not satisfied and Class Counsel or Counsel for the Bank

elect to terminate the Settlement as provided in the Settlement Agreement, then, in any of such events, the Settlement Agreement, the Settlement proposed in the Settlement Agreement (including any amendments thereof), and any actions taken or to be taken with respect to the Settlement proposed in the Settlement Agreement, and the Settlement shall be of no further force or effect and shall be null and void, and shall be without prejudice to any of the parties hereto, which shall be restored in all respects to their respective positions existing prior to the execution of the Settlement Agreement, except that Defendant shall not be entitled to reimbursement of sums expended for the mailing and distribution of the Notice as directed by this Order.

16.     The Court reserves the right to approve the Settlement Agreement and the Settlement with modifications and without further notice to Class Members, and retains jurisdiction over this Action to consider all further applications arising out of or connected with the proposed Settlement.

17.     Pending final determination of whether the Settlement should be approved, Plaintiffs and all Class Members, and any of them, are hereby barred and enjoined from asserting, commencing, prosecuting, assisting, instigating or in any way participating in the commencement or prosecution of any action asserting any Settled Claims.

Dated: Hartford, Connecticut, July __, 2013.

> Honorable Vanessa Bryant
> Judge, United States District Court for
> the District of Connecticut

7

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN R. LEVINSON; RICHARD E. LAYTON; and DR. R. LAYTON P.A. 401(K) PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>WESTPORT NATIONAL BANK; TD BANKNORTH NA; and ROBERT L. SILVERMAN<br><br>Defendants. | : : : : : : : : : : : : : : : : |

Case No: 3:09-cv-00269 (VLB)

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, OF FINAL FAIRNESS HEARING TO CONSIDER THE PROPOSED SETTLEMENT, AND OF YOUR RIGHTS CONCERNING THE PROPOSED SETTLEMENT

A PROPOSED CLASS SETTLEMENT INVOLVING WESTPORT NATIONAL BANK ("WNB"), IF APPROVED, WILL PROVIDE CASH PAYMENTS TO FORMER CUSTODIAL CUSTOMERS WHO WERE BENEFICIARIES OF THE OMNIBUS ACCOUNT AT BERNARD L. MADOFF SECURITIES, INC. ("BLMIS") MAINTAINED IN THE NAME OF WNB AS OF DECEMBER 11, 2008.

THIS PROPOSED SETTLEMENT MAY AFFECT YOUR RIGHTS. PLEASE READ THIS ENTIRE NOTICE CAREFULLY.

*The United States District Court for the District of Connecticut authorized this Notice. This is not a solicitation from a lawyer.*

YOUR LEGAL RIGHTS AND OPTIONS IN THIS PROPOSED SETTLEMENT:

| | |
|---|---|
| **RECEIVE PAYMENT FROM THE SETTLEMENT FUND** | You do not have to do anything to receive your *pro rata* share of the Settlement Fund (defined below). If the proposed settlement (the "Settlement") is finally approved and any appeals are resolved in favor of the Settlement, you will automatically be sent a check for your *pro rata* share of the Settlement Fund in accordance with the Plan of Allocation |

| | approved by the Court. The process for final approval and allocation and distribution of funds takes time; please be patient. |
|---|---|
| **OBJECT TO THE SETTLEMENT** | If you do not agree with the proposed Settlement, you can file with the Court an objection explaining why you do not agree with the proposed Settlement. You must submit your written objection no later than [DATE] (see below). |
| **GO TO THE FINAL FAIRNESS HEARING** | If you file an objection to the proposed Settlement, you can attend and request to be heard at the Final Fairness Hearing, either personally or through an attorney, at which time the Court will make a final decision as to whether the proposed Settlement is fair to all members of the Class (defined below). You must file a request to appear at the Final Fairness Hearing no later than [DATE] (see below). The Final Fairness Hearing will be held on [DATE], at ___a.m./p.m. |

- These rights and options – and the deadlines to exercise them – are explained in this Notice and in the proposed Settlement Agreement.

- The proposed Settlement will resolve all claims against WNB as explained in the proposed Settlement Agreement. The Court hearing this case still has to decide whether to approve the proposed Settlement. Payments will only be made if the Court finally approves the Settlement and any appeals are resolved in favor of the proposed Settlement. Please be patient.

<u>**BASIC INFORMATION**</u>

I.    <u>**WHY YOU SHOULD READ THIS NOTICE**</u>

This Notice is to inform you of a proposed Settlement of a certified class action lawsuit that is pending in the United States District Court for the District of Connecticut entitled *Levinson et al. v. Westport National Bank et al.*, No. 09-CV-00269-(VLB) (the "Action"). You received this notice because the records of WNB show that it served as the custodian of one or more of your retirement accounts (for example, an IRA or pension plan account) or education savings accounts through which you invested money with BLMIS, and you did not previously exclude yourself from the class that was certified in the Action.

The Action was brought and is pending on behalf of "[a]ll persons or entities that were beneficiaries of the omnibus account at BLMIS maintained in

2

the name of WNB as of December 11, 2008" (the "Class"). In March of 2012, you were sent a notice notifying you that the Class had been certified, and giving you the opportunity to exclude yourself from the Class ("opt out"). If you fit into the class definition above and did not opt out of the Class at that time, you are deemed to be part of the Class and a participant in the proposed Settlement (a "Class Member").

## II.    WHAT THE LAWSUIT IS ABOUT, AND THE HISTORY OF THE ACTION

As detailed in the First Amended Class Action Complaint filed on January 19, 2010 (the "Complaint"), the plaintiffs and members of the Class invested funds from their retirement and education savings accounts with BLMIS. WNB served as custodian for the accounts from 1999 through 2008.

The Complaint principally alleged that WNB breached the Custodian Agreements it had with the plaintiffs and members of the Class, was a fiduciary to the plaintiffs and members of the Class and breached its fiduciary duties, acted negligently, was unjustly enriched, and violated the Connecticut Unfair Trade Practices Act (CUTPA) in its administration of the custodial accounts.

The Action was initiated in February of 2009 in the United States District Court for the District of Connecticut by Stephen R. Levinson, Richard E. Layton, and the Dr. R. Layton P.A. 401(k) Plan. The plaintiffs filed the lawsuit against WNB, Robert L. Silverman, and TD Banknorth, N.A., the successor company to the prior custodian, Westport Bank & Trust Company. (Though similarly named, Westport National Bank and Westport Bank & Trust Company are unrelated companies.)

The Court has dismissed the claims against TD Banknorth. Mr. Silverman and his companies, PSCC, Inc. and PSCC Services Inc. have filed for bankruptcy, and therefore the Action has been automatically stayed as against Mr. Silverman. WNB is the only defendant still actively involved in the Action.

WNB denies the allegations of the Complaint and has defended against the Action. WNB contends that it complied with the terms of the Custodian Agreements, was not acting in a fiduciary capacity, was not negligent, and was not unjustly enriched. WNB also asserted affirmative defenses of contributory negligence and superseding cause as to Plaintiffs' negligence claim. Certain of Plaintiffs' claims have been dismissed, leaving breach of contract, breach of fiduciary duty, and unjust enrichment.

The case was consolidated for trial with *Davis, et al. v. Connecticut Community Bank*, Case No. 3:10-cv-00261 (VLB) (the "*Davis* Case") and *Short, et al. v. Connecticut Community Bank*, Case No. 3:09-cv-1955 (VLB) (the "*Short* Case"). All three cases went to trial before the Honorable Vanessa L. Bryant starting on June 14, 2013. During a break in the trial, the parties engaged in

settlement negotiations.  On July 12, 2013, shortly before the questions of WNB's liability on plaintiffs' and the Class's claims were to go to the jury, the parties in this Action and the *Davis* Case executed a Term Sheet setting forth the main terms of the Settlement, and therefore their claims were not sent to the jury.  The plaintiffs in the *Short* case did not join in this settlement, and the claims in the *Short* Case were subsequently submitted to the jury.  On July 17, 2013, the jury returned a verdict for WNB of no liability in the *Short* Case.

On July 19, 2013, the parties executed the Settlement Agreement setting forth in detail the terms of the Settlement, and Plaintiffs submitted the Settlement Agreement to the Court and made a Motion for Preliminary Approval of Class Action Settlement.    On [DATE], the Court entered its Order Preliminarily Approving Class Action Settlement, in which the Court, among other things, preliminarily approved the terms of the Settlement Agreement, set the date for the Final Fairness Hearing, and ordered that this Notice be distributed to Class Members.

### III.    WHO IS IN THE CLASS?

The Court has certified a Class defined as follows:

All persons or entities that were beneficiaries of the omnibus account at BLMIS maintained in the name of WNB as of December 11, 2008.

If you did not opt out of the Class last year, you are a Class Member and will be bound by the Settlement if it is finally approved.

The Court has appointed the plaintiffs, Stephen R. Levinson, Richard E. Layton and the Dr. R. Layton P.A. 401(k) Plan, to act as Class Representatives. The Court has also appointed the plaintiffs' lawyers, the law firm of Whatley Kallas, LLP, to act as designated counsel for the Class ("Class Counsel").

### IV.    WHAT ARE THE TERMS OF THE PROPOSED SETTLEMENT?

#### A.    The Settlement Consideration

The Settlement Agreement provides for monetary benefits, in the form of the Settlement Fund described below, to be provided by WNB to Class Members if the proposed Settlement is approved by the Court and any appeals are resolved in favor of the proposed Settlement.

#### B.    The Settlement Fund

As a part of the Settlement, WNB has agreed to make a settlement payment of $7.5 million, plus approximately $253,369.57 in WNB's custody

4

services money market account (the "Settlement Fund") to resolve the claims of the Class and certain former Class Members who have joined in the Settlement (the plaintiffs in the *Davis* Case and the plaintiffs in *Schacht, et al v. Connecticut Community Bank N.A., owner of Westport National Bank,* FST CV 11 6009429 S (the "*Davis* and *Schacht* Plaintiffs")). The Settlement Fund, less the payment of Court-approved attorneys' fees and expenses (discussed below), will be distributed to Class Members and the *Davis* and *Schacht* Plaintiffs in accordance with the formula set forth below (the "Plan of Allocation") if the proposed Settlement is approved by the Court and any appeals are resolved in favor of the proposed Settlement.

### C.    Plan of Allocation

Class Counsel will seek an award of reasonable expenses and attorneys' fees of 25% of the Settlement Fund (to be distributed between Class Counsel and counsel for the *Davis* and *Schacht* Plaintiffs as agreed to between them).    After subtracting awarded attorneys' fees and reasonable expenses, the remainder of the Settlement Fund shall be allocated as follows:

- 75% shall be allocated to a sub-fund for reimbursement of the net contributions of custodial accountholders whose total net contributions (contributions minus withdrawals) to their custodial accounts from the time they first opened a custodial account, whether with WNB or with the prior custodian, Westport Bank and Trust, through December 11, 2008, were greater than zero (the "Contributions Sub-Fund"). The Contributions Sub-Fund shall be distributed to each of the Class Members, the *Davis* Plaintiffs, and the *Schacht* Plaintiffs whose total net contributions were greater than zero, in accordance with their *pro rata* shares of the total net deposits by all Class Members, *Davis* Plaintiffs, and *Schacht* Plaintiffs whose total net contributions were greater than zero.

- The remaining 25% of the remainder of the Settlement Fund shall be allocated to a sub-fund for reimbursement of custodial and other fees paid to WNB and PSCC (the "Fees Sub-Fund"). The Fees Sub-Fund shall be distributed to each of the Class Members, the *Davis* Plaintiffs, and the *Schacht* Plaintiffs in accordance with their *pro rata* shares of the total amount of fees paid by WNB to WNB and PSCC out of the custodial accounts of Class Members, the *Davis* Plaintiffs, and the *Schacht* Plaintiffs.

### D.    The Releases and Dismissal with Prejudice

In exchange for the consideration for Class Members set forth in the Settlement Agreement, and provided the Settlement is given final approval

by the Court and any appeals are resolved in favor of the proposed Settlement, the Action will be dismissed with prejudice. The Court will enter a judgment to this effect that will bind all Class Members. If this occurs, Class Members will release their claims against WNB as follows:

Upon the Effective Date of the Settlement (after the Settlement has been finally approved and any appeals have been resolved in favor of the Settlement), Class Members shall release any and all claims in law or in equity and any and all claims, demands, actions, causes of action, obligations, damages, liabilities, loss, restitution, fines, costs, penalties or expenses including attorneys' fees of any kind or nature whatsoever, past or present, ascertained or unascertained, whether or not known, suspected or claimed from the beginning of time through and including the Preliminary Approval Date (July __, 2013) arising out of or in any way related to the claims that have been or could have been asserted in the Action by the Class Members or any of them against any of the Released Parties arising out of or in any way relating to the Custodian Agreement entered into by the Class Members. The "Released Parties" are Westport National Bank, Connecticut Community Bank, N.A., and their past and present shareholders, principals, parent corporations, affiliates, subsidiaries, predecessors and successors, and each of their past and present officers, directors, owners, shareholders, principals, members, partners, employees, agents, attorneys, insurers and assigns of any of the foregoing, and all persons acting for them, past or present.

## V.      WHAT WILL HAPPEN AT THE FINAL FAIRNESS HEARING?

As noted above, the Final Fairness Hearing will be held on [DATE], in the North Courtroom of the Abraham Ribicoff Federal Building United States Courthouse, 450 Main Street, Hartford, Connecticut.   However, the order scheduling that hearing also provides that it may be adjourned by the Court without any additional notice to putative Class Members.

At the Final Fairness Hearing, the Court will consider whether the proposed Settlement of the Action with WNB as reflected in the Settlement Agreement is fair, reasonable, and adequate to Class Members, including considering and ruling on any objections to the Settlement that are timely raised.

The Court will also consider an application by Class Counsel for attorneys' fees equal to 25% of the Settlement Fund, plus expenses, to be paid from the Settlement Fund.

## VI.      CAN I PARTICIPATE IN THE FINAL FAIRNESS HEARING?

Any putative Class Member who objects to the proposed Settlement with WNB, the Settlement Agreement, or the applications for attorneys' fees and

expenses may appear at the Final Fairness Hearing and present such objections. In order to object, you must, on or before [DATE], comply fully with the following requirements:

- You must file with the Court a written statement setting forth your objections to the matters to be considered and the basis for those objections, together with any documentation you want the Court to consider. Your objection must be filed in writing with the Clerk of the Court no later than [DATE] at the following address:

Abraham Ribicoff Federal Building
United States District Court
Attn: Clerk for the Honorable Vanessa Bryant
450 Main Street
Hartford, CT 06103

- If you intend to appear at the Final Fairness Hearing to be heard regarding your objection, either personally or through an attorney, you must also file with the Court a written notice of intention to appear at this same time (that is, on or before [DATE]).

- On the same date, you must serve all copies of all such materials, either by hand or overnight delivery, upon the following counsel:

Joe R. Whatley, Jr., Esq.
Whatley Kallas, LLP
380 Madison Ave.
    23rd Floor
New York, NY 10017
(212) 447-7060

Tracy A. Miner, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky
    and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Joseph C. Merschman, Esq.
Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4323

If you do not comply with the foregoing procedures and deadlines for filing and serving a written statement setting forth your objections, and a written notice of your intention to appear at the Final Fairness Hearing, if applicable, you will lose the following rights: the right to contest approval of the proposed Settlement or the application for an award of attorneys' fees and expenses to Class Counsel; the right to appear and be heard at the Final Fairness Hearing; and the right to contest any other orders, awards or judgments of the Court entered in connection with the proposed Settlement.

You should consult the Court's Preliminary Approval Order for additional information on the requirements for objecting to the proposed Settlement or participating in the Final Fairness Hearing. A copy of the Preliminary Approval Order may be reviewed at www.whatleykallas.com.

If the Court does not finally approve the proposed Settlement, or any appellate court modifies, vacates or reverses approval of the proposed Settlement, the proposed Settlement and the Settlement Agreement will be null and void. If there are further actions taken in the Action that affect your rights, you will receive notice as determined by the Court.

## VII.    FOR MORE INFORMATION

This Notice is a summary and does not fully describe all of the terms of the Settlement. You may review the Settlement Agreement and the Preliminary Approval Order at www.whatleykallas.com.

If you have any questions about this Notice, you may contact Class Counsel:

Whatley Kallas, LLP
380 Madison Ave, 23rd Floor
New York, New York 10017
(212) 447-7060

You may also view the case file at the courthouse: Abraham Ribicoff Federal Building United States Courthouse, 450 Main Street, Hartford, Connecticut.

Dated: [DATE]                              BY ORDER OF THE UNITED STATES
                                          DISTRICT COURT, DISTRICT OF
                                          CONNECTICUT